UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BENJAMIN F. DE JESUS,

        Plaintiff,

   v.

AMERICAN HOME ASSURANCE CO.,
SEDGWICK CMS,

        Defendants.

Civil No. 11-5709 (WJM)

OPINION

HON. WILLIAM J. MARTINI

**WILLIAM J. MARTINI, U.S.D.J.:**

    This matter comes before the Court upon Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. However because there is no basis for federal jurisdiction, this matter is **REMANDED** to state court and Defendants' motion is **DENIED** as moot.

   **I. BACKGROUND**

      **a. The Parties**

    Plaintiff Benjamin F. De Jesus, a New Jersey resident, is an employee of Verizon Communications, Inc. ("Verizon"). Defendant American Home Assurance Co. ("American Home") is a New York corporation with its principal place of business in New York. American Home provides insurance coverage to Verizon and its employees for specified harms arising from the operation of Verizon's motor vehicles, as set forth in the parties' Business Automobile Policy (the "American Home Policy"). Defendant

1

Sedgwick CMS, an Illinois corporation with its principal place of business in Tennessee, is a claims administrator for American Home.

### b. Factual and Procedural History

On February 8, 2008, Plaintiff, in the course of his employment with Verizon, was involved in car accident with another vehicle operated by non-party Susan M. Farber. As a result, Plaintiff commenced an action against Ms. Farber in New Jersey Superior Court at Docket No. MID-L-2799-09. Although that case settled for an undisclosed sum in November, 2010, the maximum amount Ms. Farber's insurance policy would pay for her liability appears to be $100,000.

Thereafter, on August 3, 2011, Plaintiff commenced the present matter by filing a separate action against Defendants in New Jersey Superior Court at MID-L-5655-11. Although Plaintiff does not set forth a monetary demand in his Complaint, Plaintiff presently asserts that under applicable statutory law, and because Ms. Farber was an underinsured motorist, he is entitled to additional recovery of up to $5,000,000 from the American Home Policy (Plaintiff's "UIM Claim"). Plaintiff's Complaint seeks to require Defendants to arbitrate his UIM Claim.

On September 30, 2011, Defendants removed this matter on the basis of diversity jurisdiction. In removing the matter, Defendants noted that "it does not appear to a legal certainty that the Plaintiff cannot recover at least the minimal jurisdictional amount of $75,000.00." (Notice of Removal, ¶¶ 9, 11, ECF No. 1.)

Thereafter, on February 23, 2012, Defendants moved for summary judgment. In support of that motion, Defendants provided the Court with a copy of the American

Home Policy.  Under the plain language in that document,[1] recovery for any UIM claim filed by Verizon, the "named insured," and any other of Verizon's covered "insureds," which includes Plaintiff, is limited to:

> "'Bodily Injury'      $15,000 Each Person
>
> $30,000 Each 'Accident'
>
> 'Property Damage'   $5,000 Each 'Accident'"
>
> (Zarillo Aff., Ex. B at AHAC00261 and AHAC0635, ECF No. 9.)[2]

The parties agree that if this contractual language governs, the maximum amount Plaintiff may recover from the American Home Policy for his UIM Claim is $15,000. (Pl.'s Br. in Opp. to Summ. J. 6, ECF No. 15-2; Def.'s Br. in Supp. of Summ. J. 4, ECF No. 9-20.)  And even assuming, *arguendo*, that Plaintiff could recover all three amounts, his recovery would still be limited to $50,000.

## II.   LEGAL STANDARD

As noted earlier, Defendants removed this action to federal court on the basis of diversity jurisdiction.  However, the Court only has subject matter jurisdiction on the basis of diversity if "the matter in controversy exceeds the sum or value of $75,000,

---

[1] The parties assert that the same provisions of the policy apply to Plaintiff's UIM Claim. (*See* Pl.'s Counter-Statement of Material Facts 3, ECF No. 15-1; Defs.' Statement of Facts 2-3, ECF No. 9-20.)

[2] Although the document limiting the coverage is entitled "Split Uninsured Motorists Coverage Limits New Jersey," the limits are applicable to Plaintiff's underinsured motorist claim as well.  (*See* Zarillo Aff., Ex. B at AHAC00005, ECF No. 9)

exclusive of interest and costs." 28 U.S.C. § 1332(a).  And in all federal actions, the Court has a continuing and independent obligation to satisfy itself that it has subject matter jurisdiction.  *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).  Notably, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [a removed] case shall be remanded."  28 U.S.C. § 1447(c).  Thus, "[w]hen it appears to a legal certainty that the plaintiff was never entitled to recover[y of $75,000,] the minimum amount set by Section 1332, the removed case must be remanded."  *Id.*; *see also Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) ("the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court.").

## III.   ANALYSIS

Having had an opportunity to review the factual record which was developed only after the matter had already been removed here, and having considered the parties' arguments regarding the summary judgment motion, it now appears to a legal certainty that Plaintiff was never entitled to recover $75,000 for his UIM Claim.

<u>First</u>, under the plain language of the American Home Policy, and even when interpreting that language in the most charitable way possible, Plaintiff is entitled to recover an absolute maximum of $50,000 for his UIM Claim.  <u>Second</u>, the plain language of the American Home Policy clearly demonstrates that those provisions apply equally to Verizon and its "insureds."  Verizon, the corporate entity, does not receive a higher

amount of coverage than Plaintiff. Thus, Plaintiff's claim that he can recover up to $5,000,000 for his UIM Claim pursuant to N.J.S.A. § 17:28-1.1(f), which is premised on his factually unsupported statement that Verizon receives $5,000.000 worth of coverage from the American Home Policy, also fails. In sum, based on the undisputed facts before this Court, this matter fails to meet the monetary threshold required for diversity jurisdiction, and therefore must be remanded.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **REMANDED**. Defendants' motion for summary judgment is **DENIED** as moot.

                                        /s/William J. Martini
                                **WILLIAM J. MARTINI, U.S.D.J.**

**Dated:  July 31, 2012**